FILED
JUN - 9 2020
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

WILLIAM LEE GRANT II
PLAINTIFF

1:20-cv-173

V

CENTRAL INTELLIGENCE AGENCY
ET AL.          DEFENDANT

DECLARATION OF FRAUD IN SUPPORT OF
OBJECTION TO MOTION TO DISMISS

NOW COMES PLAINTIFF, WILLIAM LEE GRANT II, AND
FILES ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ DECLARATION OF FRAUD.

(1) MR. GRANT ▇▇▇▇▇▇▇▇▇▇▇ AFFIRMS ▇▇▇ THE
U.S. DEPARTMENT OF JUSTICE AND STATE OF ILLINOIS
DEFAULTED ▇▇▇▇▇▇▇▇ PURSUANT TO FED. R. CIV.
P. 55(a)(2)(C) IN 16-cv-3245 AND 17-cv-3261.

(2) MR. GRANT ▇▇▇▇▇▇▇▇▇▇▇ AFFIRMS ▇▇▇▇ THE ILLINOIS
CENTRAL DISTRICT CLERK OF COURT COMMITTED FRAUD
BY NOT ENTERING DEFAULT AGAINST THE U.S. DEPARTMENT
OF JUSTICE AND STATE OF ILLINOIS IN 16-cv-3245 AND
17-cv-3261 PURSUANT TO FED. R. CIV. P. 55(a).

(3) MR. GRANT ▇▇▇▇▇▇▇▇▇▇▇ AFFIRMS THE ILLINOIS
CENTRAL DISTRICT CLERK OF COURT COMMITTED FRAUD
BY NOT ENTERING DEFAULT AGAINST THE STATE OF ILLINOIS IN 16-cv-3245 AND 17-cv-
3261 PURSUANT TO FED. R. CIV. P. 55(b)(1). JUDGMENT

(1)

(4) MR. GRANT ████████████ AFFIRMS THE U.S. DEPART-
MENT OF JUSTICE AND STATE OF ILLINOIS DEFAULTED
████████████████████ PURSUANT TO FED. R. CIV.
P. 81(c)(2)(C) IN 17-CV-3261.

(5) MR. GRANT ████████████ AFFIRMS
CENTRAL DISTRICT CLERK OF COURT ████ THE ILLINOIS
FRAUD FAILING TO ENTER DEFAULT AGAINST THE COMMITTED
U.S. DEPARTMENT OF JUSTICE AND STATE OF ILLINOIS
IN 17-CV-3261 PURSUANT TO FED. R. CIV. P. ████
55(a).

(6) MR. GRANT ████████████ AFFIRMS
████████ CENTRAL DISTRICT CLERK OF COURT COMMITTED THE ILLINOIS
FRAUD BY NOT ENTERING DEFAULT JUDGMENT AGAINST
THE STATE OF ILLINOIS IN 17-CV-3261 PURSUANT TO
FED. R. CIV. P. 55(b)(1).

(7) ILLINOIS CENTRAL DISTRICT JUDGE COLIN S. BRUCE
(16-CV-3245 + 17-CV-3261) FAILED TO ENTER DEFAULT
JUDGMENT AGAINST THE U.S. DEPARTMENT OF JUSTICE
AND THE STATE OF ILLINOIS AT THE DIRECTION OF THE
OFFICE OF THE SECRETARY OF DEFENSE.

(8) MR. GRANT ████████████ AFFIRMS THE U.S. DEPART-
MENT OF DEFENSE DEFAULTED ██ IN 19-CV-3001 PURSUANT
TO FED. R. CIV. P. 81(c)(2)(C).

(9) MR. GRANT ████████████ AFFIRMS THE ILLINOIS
CENTRAL DISTRICT CLERK OF COURT COMMITTED FRAUD
BY FAILING TO ENTER DEFAULT AGAINST THE U.S.
DEPARTMENT OF DEFENSE PURSUANT TO FED. R. CIV. P. 55(a).

10. ILLINOIS CENTRAL DISTRICT JUDGE JOE BILLY MCDADE FAILED TO ENTER DEFAULT JUDGMENT AGAINST THE U.S. DEPARTMENT OF DEFENSE IN 19-CV-3001 AT THE DIRECTION OF THE OFFICE OF THE SECRETARY OF DEFENSE.

11. THE ILLINOIS CENTRAL DISTRICT'S FAILURE TO ENTER DEFAULT AND DEFAULT JUDGMENT IN 16-CV-3245, 17-CV-3261, AND 19-CV-3001 CONSTITUTES FRAUD AS MR. GRANT HAD A RIGHT TO DEFAULT AND DEFAULT JUDGMENT AS A MATTER OF LAW, AND MR. GRANT HAS BEEN DENIED ACCESS TO LEGAL REMEDY FOR THE INJURIES MR. GRANT HAS SUFFERED AS A RESULT OF THE CONSPIRATORIAL ACTIONS OF THE U.S. DEPARTMENT OF DEFENSE AND THE STATE OF ILLINOIS.

12. THE OFFICE OF THE SECRETARY OF DEFENSE DIRECTED THE ILLINOIS CENTRAL DISTRICT TO NOT ENTER DEFAULT AND DEFAULT JUDGMENT IN 16-CV-3245, 17-CV-3261, AND 19-CV-3001 TO FORCE MR. GRANT TO FILE HIS LAWSUIT IN FEDERAL COURTS ACROSS THE COUNTRY, AND ULTIMATELY TO FORCE MR. GRANT TO ▓ FILE HIS LAWSUIT IN THE EASTERN DISTRICT OF VIRGINIA NAMING THE CENTRAL INTELLIGENCE AGENCY AS NAMED DEFENDANT.

13. THE STATE OF ILLINOIS WAIVED SOVEREIGN IMMUNITY BY CONSENTING TO 16-MR-643 BEING REMOVED FROM THE SEVENTH JUDICIAL CIRCUIT OF ILLINOIS ▓▓▓ TO THE ILLINOIS CENTRAL DISTRICT AS 16-CV-3245 AND 17-CV-3261.



14. THE STATE OF ILLINOIS WAIVED SOVEREIGN IMMUNITY PURSUANT TO THE ILLINOIS WHISTLEBLOWER ACT (740 ILCS 174 15) AND STATE OFFICIALS AND EMPLOYEES ETHICS ACT (5 ILCS 430/15-25).

15. THE U.S. DEPARTMENT OF DEFENSE WAIVED SOVEREIGN IMMUNITY BY ENTERING A JOINT CONSPIRACY WITH THE STATE OF ILLINOIS AGAINST MR. GRANT. (LAKE TSCHIRA V. DRIVVER, 471 F. 3D 436 (2D CIR.)

16. MR. GRANT HAS A CLAIM AGAINST THE U.S. DEPARTMENT OF DEFENSE PURSUANT TO U.S. CONST. AMEND I.; U.S. CONST. AMEND IV.; U.S. CONST. AMEND XIII.; U.S. CONST. AMEND XIV.; 42 USC 1983; 42 USC 1985(3); AND 42 USC 1985(3). (MARBURY V. MADISON, 5 U.S. 137).

17. MR. GRANT HAS A CLAIM AGAINST THE U.S. DEPARTMENT OF DEFENSE FOR THE VIOLATION OF HIS U.S. CONSTITUTIONAL RIGHTS (BIVENS V. SIX UNKNOWN NAMED AGENTS, 403 U.S. 388)

18. THE EASTERN DISTRICT OF VIRGINIA HAS SUBJECT-MATTER JURISDICTION PURSUANT TO:
28 USC 1331 - FEDERAL QUESTION;
28 USC 1346(b)(1) - U.S. AS DEFENDANT;
28 USC 1343(a)(1) - CIVIL RIGHTS AND ELECTIVE FRANCHISE;
AND
28 USC 1391(b)(1) - VENUE.

(19) THE ILLINOIS CENTRAL DISTRICT'S FAILURE TO ENTER DEFAULT AND DEFAULT JUDGMENT IN 16-CV-3245, 17-CV-3261, AND 19-CV-3001 CONSTITUTES FRAUD AS THE CLERK OF COURT AND DISTRICT JUDGES ARE OFFICERS OF THE COURT. THE ILLINOIS CENTRAL DISTRICT'S FAILURE TO ACT DENIED MR. GRANT ACCESS TO A LEGAL REMEDY MR. GRANT HAS A RIGHT TO AS A MATTER OF LAW.

(20) THE SOUTHERN DISTRICT OF TEXAS CLERK OF COURT FAILED TO ISSUE SUMMONS IN 18-CV-1947 AT THE DIRECTION OF THE OFFICE OF THE SECRETARY OF DEFENSE.

(21) MR. GRANT'S COMPLAINT (18-CV-1947) WAS DISMISSED ON MAY 7, 2019 FOR FAILURE TO SERVE DEFENDANTS. MR. GRANT HAS A CAUSE OF ACTION PURSUANT TO: FED. R. CIV. P. 60 (d)(1) - ENTERTAIN AN INDEPENDENT ACTION TO RELIEVE A PARTY FROM A JUDGMENT, ORDER, OR PROCEEDING; AND FED. R. CIV. P. 60 (d)(3) - SET ASIDE A JUDGMENT FOR FRAUD ON THE COURT.

(22) THE ILLINOIS CENTRAL DISTRICT AND FORTY (40) FEDERAL COURTS HAVE NOT FOUND MR. GRANT'S ALLEGATIONS TO BE: 28 USC 1915(e)(2)(B)(i) - IS FRIVOLOUS OR MALICIOUS; 28 USC 1915(e)(2)(B)(ii) - FAILS TO STATE A CLAIM ON WHICH RELIEF MAY BE GRANTED; OR 28 USC 1915(e)(2)(B)(iii) - SEEKS MONETARY RELIEF AGAINST A DEFENDANT WHO IS IMMUNE FROM SUCH RELIEF.

(23) RES JUDICATA IS NOT APPLICABLE. THE U.S. DEPARTMENT OF JUSTICE AND STATE OF ILLINOIS HAVE NOT FILED ANSWERS IN 16-CV-3245, 17-CV-3261, AND 19-CV-3001. MR. GRANT'S COMPLAINT HAS NOT BEEN DECIDED ON THE MERITS.

(24) MR. GRANT HAS A CLAIM AGAINST THE OFFICE OF THE SECRETARY OF DEFENSE AND STATE OF ILLINOIS FOR FRAUD.

(25) THE OFFICE OF THE SECRETARY OF DEFENSE KEPT MR. GRANT IN ILLINOIS FOR ██████████ NEARLY THIRTY (30) YEARS UNDER CONSTANT SURVEILLANCE.

(26) ████████████████ THE ILLINOIS GOVERNOR'S OFFICE PERPETRATED FRAUD BY OFFERING MR. GRANT A JOB IN NOVEMBER OF 2014; HAVING MR. GRANT REPORT TO THE ILLINOIS GOVERNOR'S OFFICE FOR NEARLY THIRTY (30) DAYS FOR WORK; FAILING TO ADD MR. GRANT TO ████ THE ILLINOIS GOVERNOR'S OFFICE PAYROLL; MR. GRANT ████ ACCEPTED THE ILLINOIS GOVERNOR'S OFFICE AT THEIR WORD THAT MR. GRANT WAS BEING OFFERED A BONA FIDE ████████████████████████████ OFFER OF EMPLOYMENT; THE ILLINOIS GOVERNOR'S OFFICE DID NOT INTEND TO HIRE MR. GRANT, BUT TO FURTHER ████ RETALIATE AGAINST MR. GRANT FOR FILING A CIVIL RIGHTS COMPLAINT AND AN ETHICS COMPLAINT WITH THE STATE OF ILLINOIS IN 2012.

(27) MR. GRANT FOUND HIMSELF UNEMPLOYED IN ██ DECEMBER OF 2014 AS A RESULT OF ACTIONS OF THE ILLINOIS GOVERNOR'S OFFICE; MR. GRANT WAS NEVER COMPENSATED FOR HIS WEEKS WITH THE ILLINOIS GOVERNOR'S OFFICE; ████████ MR. GRANT WAS WRONGFULLY DENIED FEDERAL UNEMPLOYMENT BENEFITS; AND MR. GRANT FOUND HIMSELF BLACKLISTED.



28) THE ACTIONS OF THE ILLINOIS GOVERNOR'S OFFICE WERE ULTIMATELY DIRECTED BY GREGORY K. HARRIS AND THE OFFICE OF THE SECRETARY OF DEFENSE TO GIVE MR. GRANT AND THE ILLINOIS ATTORNEY GENERAL CAUSE TO APPEAR IN COURT.

29) THE ILLINOIS ATTORNEY GENERAL FAILED TO DENY MR. GRANT'S ALLEGATIONS IN THE ILLINOIS COURT OF ▮▮▮ CLAIMS (18CC0946 + 18CC1057).

30) THE ILLINOIS ATTORNEY GENERAL FAILED TO DENY MR. GRANT'S ALLEGATIONS IN THE SEVENTH JUDICIAL CIRCUIT OF ILLINOIS (17-MR-754).

31) THE ILLINOIS ATTORNEY GENERAL FAILED TO APPEAR IN 18-L-202 IN THE SEVENTH JUDICIAL CIRCUIT OF ILLINOIS.

32) SEVENTH JUDICIAL CIRCUIT OF ILLINOIS JUDGE JOHN M. MADONIA FAILED TO ENTER DEFAULT JUDGMENT AGAINST THE STATE OF ILLINOIS IN 18-L-202.

33) OPERATION: HOMETOWN GLORY IS A SPECIAL COLLECTION SERVICE (U.S. DEPARTMENT OF DEFENSE) HUMAN INTELLIGENCE DOMESTIC BLACK OPERATION RUN UNDER THE BANNER OF THE U.S. DEPARTMENT OF JUSTICE.

34) THE SPECIAL COLLECTION SERVICE IS A JOINT NATIONAL SECURITY AGENCY AND CENTRAL INTELLIGENCE AGENCY PROGRAM.

35) THE CENTRAL INTELLIGENCE AGENCY IS LIABLE FOR THE ACTIONS OF THE SPECIAL COLLECTION SERVICE.

36) MR. GRANT WAS BEING LAID OFF IN 2014 FROM THE ILLINOIS DEPARTMENT OF TRANSPORTATION UNDER THE GUISE OF A MATERIAL REORGANIZATION OF THE ILLINOIS DEPARTMENT OF TRANSPORTATION RELATED TO A "HIRING SCANDAL"

(37) MR. GRANT'S WITNESSES

MICHAEL J. MADIGAN
JESSE WHITE
EMIL JONES
BARACK H. OBAMA


I DECLARE UNDER PENALTY OF PERJURY THAT THE
FOREGOING IS TRUE AND CORRECT.
EXECUTED ON JUNE 1, 2020.
W.ell 6/1/2020



CERTIFICATE OF SERVICE

I, WILLIAM LEE GRANT II, CERTIFY I SENT A TRUE
AND CORRECT COPY OF DECLARATION TO THE FOLLOWING
USING ELECTRONIC MAIL  ON JUNE 1, 2020:



DENNIS C. BARGHAAN JR.
DEPUTY CHIEF, CIVIL DIVISION
ASSISTANT U.S. ATTORNEY
2100 JAMIESON AVENUE
ALEXANDRIA, VA 22314
DENNIS. BARGHAAN @ USDOJ.GOV


W.ell 6/1/2020
WILLIAM LEE GRANT II
901 WYTHE ROAD
SPRINGFIELD, IL 62702
(217) 726-5269

(8)

# Quinn's IDOT scandal will cost taxpayers



Governor Pat Quinn discusses the Blagojevich verdict at the Thompson Center in Chicago. (Heather Charles / Chicago Tribune)

OCTOBER 29, 2014, 4:47 PM

A hiring monitor's work is never done. Chicago attorney Noelle Brennan, who spent nine years shepherding the city of Chicago into compliance with a federal consent decree banning patronage hires, will soon hang her shingle at the Illinois Department of Transportation.

You can pull out your wallet now and thank Gov. Pat Quinn.

Just more of the same in Illinois.

U.S. Magistrate Judge Sidney Shenkier appointed Brennan to figure out how all those "staff assistants" with friends in high places ended up on IDOT's payroll. Hundreds of candidates were hired into supposed policymaking positions — jobs that didn't require them to compete based on qualifications — then assigned to mow the grass, type memos, wash vehicles, lick envelopes, fill out time sheets, order office supplies and other routine tasks.

20-CV-173 GRANT II v CLA ET AL.   EXHIBIT IN SUPPORT OF
DECLARATION IN SUPPORT OF
OBJECTION

administration in power. Under a scheme hatched by ex-Gov. Rod Blagojevich's staffers and continued under Quinn, IDOT created hundreds of phony exempt jobs — then transferred or promoted many of those workers into non-exempt positions, safe from the political whims of subsequent governors.

What's wrong with all of that? Qualified candidates were passed over for jobs and promotions. Taxpayers didn't get the best available employees. Workers who earned their jobs on merit have to take up the slack for those patronage hacks.

Oh, and it's illegal. In 1990, the U.S. Supreme Court ruled that with few exceptions, decisions about hiring, firing, promoting or transferring state workers cannot be based on politics. To assemble that army of "staff assistants," IDOT officials violated the hiring rules that grew from that decision.

Brennan was assigned in 2005 to oversee hiring in Chicago, after a federal investigation proved City Hall had been violating an earlier decree banning patronage in city government. Under her supervision, the city overhauled its hiring process to guard against political meddling.

The cost to taxpayers: $22.8 million for settlements, legal fees and consultants.

In June, Shenkier declared that Brennan's work at City Hall was done.

But there's plenty of demand for her services elsewhere, and not just at IDOT. Michael Shakman, the Chicago attorney behind the landmark 1969 anti-patronage suit, has been agitating for a state hiring monitor since 2009, after the Sun-Times reported that Blagojevich aides were running an illegal hiring system under which hundreds of state pols tapped their friends for thousands of state jobs.

Shakman's request languished after Blagojevich was sent to prison, but the cheating didn't stop. A three-year investigation by the Office of the Executive Inspector General released in August showed that at IDOT, it got *even worse* under Quinn.

The report led to a lot of furious finger-pointing because there's a tight race for governor. Republican Bruce Rauner says Quinn's a phony reformer who stacked IDOT with cronies, just like his felonious predecessor. Quinn says he knew nothing about the staff assistant scam and shut it down immediately when he found out. It's all fixed now, the governor insists.

But Judge Shenkier decided IDOT needs a monitor. He tapped Brennan to figure out how the pols managed to hijack hiring at the agency, and to build a new system to wall them out.

We hope she'll start where the inspector general's investigation left off: At the top.

staff assistant position or who was aware IDOT was circumventing the (court-mandated) Rutan hiring process," according to the report.

Quinn aides who signed off on all those hires said they assumed IDOT was following the rules and didn't notice the ballooning number of exempt positions. But ex-Transportation Secretary Ann Schneider, who lost her job over the scandal, said the "vast majority" of those hired outside routine channels were chosen by the governor's staff.

Emails between Quinn aides and IDOT officials during 2011 support that claim: An attachment labeled "Lavin List" contains the names of job candidates apparently submitted to IDOT by Quinn's then-Chief of Staff Jack Lavin.

We don't think for a minute that IDOT is an island of hiring violations in a sea of compliance. That's why it's important to determine what went on in the governor's office — and whether other state agencies were engaged in similar abuses.

Brennan has her work cut out for her. And taxpayers, you'll get the bill.

**Join in the discussion on the Chicago Tribune Editorial Board's Facebook page or on Twitter by following @Trib_Ed_Board.**

Copyright © 2016. Chicago Tribune

**This article is related to:** Illinois Department of Transportation, Executive Branch, Rod Blagojevich, Opinion, Editorials

*[handwritten:]* EXHIBIT IN SUPPORT OF ▬▬▬ DECLARATION IN SUPPORT OF OBJECTION TO MOTION TO DISMISS

**SJR**
The State Journal-Register

Print Page

By John O'Connor
The Associated Press

August 22, 2014 11:43AM

# IDOT broke hiring rules for years, report finds

The Illinois Department of Transportation circumvented rules devised to keep politics out of state jobs and improperly hired more than 250 people in the last decade, accelerating the practice under Democratic Gov. Pat Quinn, the state's top investigator decreed in a report released Friday.

Executive Inspector General Ricardo Meza reported that IDOT's use of "staff assistants" to skirt anti-patronage guidelines began in 2003 under former Gov. Rod Blagojevich, who's serving a federal prison term for political corruption. But it noted that the number of hires jumped from 52 in 2008 to 104 in 2011, the first two years after Quinn, now locked in a tight battle for re-election in November, took over for the ousted Blagojevich.



The Illinois Department of Transportation headquarters

The report said investigators found no evidence that Quinn or his staff members were aware of impropriety, but former IDOT Secretary Ann Schneider, who resigned in June as heat grew on the administration over the hiring issue, said recommendations for agency hires came from Quinn's office.

The "vast majority" of hires "were chosen from those recommended to me or my staff by the governor's office," Schneider said in her response to the report. "Neither I nor my staff were in a position to reject the recommended positions."

Spokesman Grant Klinzman acknowledged that Quinn's office suggests applicants for eligible jobs, but he said the governor expects them to be hired according to the rules.

"The governor's office's expectation and understanding is, has been, and always will be that any candidate who is ultimately hired is doing the work of the position that candidate is filling," Klinzman said.

The mammoth report, which followed a three-year investigation, laid out a Byzantine process by which relatives, political supporters and friends of officeholders were hired as staff assistants, a job that the agency declared it could fill without publicly posting it and offering interviews to any qualified candidate. In many instances, those employees were then transferred — again without an interview — into jobs covered by the hiring rules, making it more difficult to remove them.

The impropriety "undoubtedly denied countless qualified candidates the opportunity to lawfully obtain state employment," the report said.

IDOT officials said the interview process is laborious and time-consuming when employees need to be hired quickly. Meza dismissed that claim.

"There was clearly agency mismanagement at the highest levels regarding the responsibilities they had," Meza told reporters in Chicago.

He said he had not talked to federal prosecutors, but he has the authority to share his findings with them if there is an inquiry.

Quinn got ahead of the release of Friday's report, calling on acting Transportation Secretary Erica Borggren to briefly tell reporters in Chicago — without mentioning the forthcoming report — that IDOT had decided to lay off the 58 current staff assistants at the agency, create a review board to oversee hiring, and freeze indefinitely the creation of any new positions that can be filled without strings.

That wasn't sufficient for Quinn's challenger in the November election, Republican Bruce Rauner, who in a prepared statement said Illinois residents "pay a significant corruption tax," adding that the patronage revelations "are just one more reminder why we need term limits on career politicians like Pat Quinn."

A U.S. Supreme Court ruling bars political considerations in most state government hires but allows political loyalty to be considered for jobs involving confidential information, policymaking or public statements. Meza found the staff assistant job descriptions included such tasks but that the employees were mowing grass, answering phones, setting up training and completing monthly supply requisitions.

Print Page



FOREVER USA
PURPLE HEART

WILLIAM LEE GRANT II
901 WYTHE ROAD
SPRING

**U.S.MARSHAL**
**INSPECTED**

CLERK's OFFICE
U.S. DISTRICT COURT
401 COURTHOUSE SQUARE
ALEXANDRIA, VIRGINIA 22314

MICHAEL J. MADIGAN
JESSE WHITE
EMIL JONES
BARACK H. OBAMA